UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDALL BROWN,<br><br>   PLAINTIFF,<br><br>   vs.<br><br>COOK COUNTY CORRECTIONAL OFFICER BRANDEN NORISE, OFFICER RICHARD ELLITCH, COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY.<br><br>   DEFENDANTS. | Case No. 1:16-cv-04969<br><br>Judge: Amy J. St. Eve<br>Magistrate Judge: Sydney L. Schenkier |

### AMENDED COMPLAINT

NOW COMES the Plaintiff, RANDALL BROWN (hereinafter "PLAINTIFF"), by and through his attorney, Blake W. Horwitz, Esq., from The Blake Horwitz Law Firm, LTD., pursuant to this Amended Complaint at Law, against the above named DEFENDANT COOK COUNTY CORRECTIONAL OFFICER BRANDEN NORISE (hereinafter "DEFENDANT NORISE") DEFENDANT COOK COUNTY SHERIFF THOMAS DART, DEFENDANT COOK COUNTY and OFFICER RICHARD ELLITCH and states as follows:

### I. JURISDICTION

1.   The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### II. PARTIES

2.   PLAINTIFF is a resident of Cook County, Illinois and the United States.

3. DEFENDANT NORISE (hereinafter "DEFENDANT NORISE") was at all times material and relevant hereto employed by and acting on behalf of DEFENDANT COOK COUNTY SHERIFF THOMAS DART.

4. DEFENDANT COOK COUNTY SHERIFF THOMAS DART is a duly constituted local public entity, and is liable for any judgment entered against DEFENDANT NORISE arising out of his employment.

5. DEFENDANT COOK COUNTY SHERIFF THOMAS DART is sued only in his capacity as an indemnifier.

6. DEFENDANT COOK COUNTY is a duly incorporated municipal corporation. At all times material to this Complaint, DEFENDANT NORISE was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the County of Cook.

7. OFFICER RICHARD ELLITCH was at all relevant times an investigator for the office of the DEFENDANT COOK COUNTY SHERIFF THOMAS DART.

### III. FACTS

8. PLAINTIFF is a resident of Cook County, Illinois.

9. On July 4, 2013, PLAINTIFF was being held at Cook County Jail.

10. Cook County Jail is located at 2700 S. California Ave., Chicago, IL 60608.

11. DEFENDANT NORISE attempted to remove PLAINTIFF from a cell that housed multiple inmates.

12. While being held at Cook County Jail, DEFENDANT NORISE took PLAINTIFF to the ground and beat him.

13. This conduct was unnecessary and an unreasonable use of force.

14. DEFENDANT NORISE'S taking to the ground of PLAINTIFF proximately caused PLAINTIFF to experience emotional and physical pain and proximately caused serious physical injuries.

15. While being held at Cook County Jail, DEFENDANT NORISE struck PLAINTIFF multiple times with his fist.

16. DEFENDANT NORISE'S striking of PLAINTIFF was unnecessary.

17. DEFENDANT NORISE'S striking with his fist of PLAINTIFF proximately caused PLAINTIFF to experience emotional and physical pain.

18. While being held at Cook County Jail, DEFENDANT NORISE kicked PLAINTIFF multiple times with his foot.

19. DEFENDANT NORISE'S kicking of PLAINTIFF was unnecessary.

20. DEFENDANT NORISE'S kicking of PLAINTIFF proximately caused PLAINTIFF to experience emotional and physical pain.

21. PLAINTIFF was intimidated to not come forward sooner with the allegations contained herein.

22. OFFICER RICHARD ELLITCH spoke to PLAINTIFF approximately two weeks after PLAINTIFF was beat by DEFENDANT NORISE. OFFICER ELLITCH told PLAINTIFF that if PLAINTIFF pressed charges against DEFENDANT NORISE, DEFENDANT NORISE would have PLAINTIFF criminally prosecuted and put him in jail for another seven years. This was told to PLAINTIFF while the PLAINTIFF was in jail and while OFFICER ELLITCH performed an internal investigation referable to the use of excessive force by DEFENDANT NORISE.

23.     The post beating comments struck fear to PLAINTIFF and induced PLAINTIFF to not file his lawsuit earlier.  PLAINTIFF'S fear in this regard was reasonable.  OFFICER RICHARD ELLITCH intentionally induced PLAINTIFF not to file a lawsuit against DEFENDANT NORISE.

24.     OFFICER RICHARD ELLITCH, when he threatened the PLAINTIFF, did so as an agent of SHERIFF TOM DART and on behalf of SHERIFF TOM DART so as to protect SHERIFF TOM DART from further litigation.

25.     OFFICER RICHARD ELLITCH, when he threatened the PLAINTIFF, did so as a co-employee of OFFICER NORISE, aligned with OFFICER NORISE and to protect OFFICER NORISE from the potential of litigation.

26.     OFFICER ELLITCH and OFFICER NORISE, upon information and belief, worked jointly, together and in conspiracy with each other, whereby OFFICER ELLITHCH and OFFICER NORISE agreed, through words spoken between each other to have OFFICER ELLITCH speak to PLAINTIFF so as to induce PLAINTIFF to not file a lawsuit against OFFICER NORISE.  The communication between NORISE and ELLITCH took place prior to ELLITCH threatening PLAINTIFF not to file a lawsuit under the threat of being exposed to criminal prosecution, as alleged above.

27.     Through the actions of OFFICERS ELLITCH and NORISE, the PLAINTIFF was induced to file the instant lawsuit after the traditional two year time period after the beating of the PLAINTIFF.

28.     OFFICER RICHARD ELLITHCH at all times was an employee of COOK COUNTY SHERIFF TOM DART and was acting in the scope of his employment while

4

speaking to the PLAINTIFF and threatening the PLAINTIFF not to file charges against NORISE.

29. In October 2012, DEFENDANT NORISE was assigned to the Receiving Classification Diagnostic Center in Division V of the Cook County Department of Corrections.

30. On July 4, 2013, DEFENDANT NORISE failed to decrease the level of force used against the PLAINTIFF while DEFENDANT NORISE was striking the PLAINTIFF.

31. The last five blows that DEFENDANT NORISE delivered to the PLAINTIFF were not necessary to control the PLAINTIFF.

32. The last five blows that NORISE delivered to the PLAINTIFF were not necessary to subdue the PLAINTIFF.

33. The last five blows that NORISE delivered to the PLAINTIFF were delivered in a manner contrary to the training that NORISE received while NORISE was trained in the academy.

**COUNT I**
**§1983 Excessive Force**
(DEFENDANT NORISE)

34. PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1-33.

35. DEFENDANT NORISE'S actions amounted to an unreasonable force unto PLAINTIFF and violated the Fourth Amendment to the United States Constitution.

36. The aforementioned actions of DEFENDANT NORISE were the direct and proximate cause of the constitutional violations set forth above, and that caused PLAINTIFF to suffer damages.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT NORISE, punitive damages and attorney fees, and such other additional relief as this Court deems equitable and just.

### COUNT II
### BATTERY
(DEFENDANT NORISE)

37. PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1-33.

38. DEFENDANT NORISE battered the Plaintiff.

39. The aforementioned actions of DEFENDANT NORISE were the direct and proximate cause of a violation of the law of the State of Illinois.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT NORISE and costs and such other additional relief as this Court deems equitable and just.

### COUNT III
### Indemnification Claim

**(**DEFENDANT COOK COUNTY SHERIFF THOMAS DART)

40. PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1-33.

41. DEFENDANT COOK COUNTY SHERIFF THOMAS DART is the employer of DEFENDANT NORISE.

6

42. DEFENDANT NORISE, as alleged above, committed the acts under color of law and in the scope of employment of DEFENDANT COOK COUNTY SHERIFF THOMAS DART.

WHEREFORE, should DEFENDANT NORISE be found liable for any of the alleged counts in this case, the PLAINTIFF demands that, pursuant to Illinois law, 745 ILCS 10/9-102 DEFENDANT COOK COUNTY SHERIFF THOMAS DART pay the PLAINTIFF any judgment obtained against DEFENDANT NORISE as a result of this Complaint.

### COUNT IV
*Respondeat Superior*
(DEFENDANT COOK COUNTY)

43. PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1-33.

44. DEFENDANT NORISE, as alleged above, committed the acts under color of law and in scope of employment of DEFENDANT COOK COUNTY.

WHEREFORE, should DEFENDANT NORISE be found liable for any of the alleged counts in this case, the PLAINTIFF demands that, pursuant to Illinois law, 745 ILCS 10/9-102, DEFENDANT COOK COUNTY pay the PLAINTIFF any judgment obtained against DEFENDANT NORISE as a result of this Complaint.

### COUNT V
*Respondeat Superior*
**(**DEFENDANT COOK COUNTY SHERIFF THOMAS DART)

45. PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1-33.

46.     DEFENDANT COOK COUNTY SHERIFF THOMAS DART is the employer of DEFENDANT NORISE and ELLITHCH.

47.     DEFENDANTS NORISE and ELLITHCH committed these acts within the scope of employment of DEFENDANT SHERIFF THOMAS DART.

WHEREFORE, should DEFENDANTS NORISE and ELLITHCH be found liable for any state law claims alleged in this complaint, PLAINTIFF demands that Judgment be entered against DEFENDANT COOK COUNTY SHERIFF THOMAS DART for costs and damages (excluding punitive damages) rendered in PLAINTIFF'S favor.

**COUNT VI**
**FRAUD**
(DEFENDANT ELLITHCH)

48.     PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1-33.

49.     DEFENDANT ELLITHCH fraudulently induced the PLAINTIFF to file the instant lawsuit after the two year time period by which 42 U.S.C. *sec.* 1983 lawsuits are traditionally filed.

50.     The PLAINTIFF justifiably relied upon the representations of DEFENDANT ELLITHCH and through the false representations of DEFENDANT ELLITHCH was caused to file the instant action after the two year time period to file such lawsuits.

51.     As a result of the representations articulated by DEFENDANT ELLITHCH, the plaintiff suffered damages and injury.

8

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT ELLITHCH, punitive damages and attorney fees, and such other additional relief as this Court deems equitable and just.

## JURY DEMAND

The PLAINTIFF demands trial by jury.

Respectfully submitted,

By:    S/ Blake W. Horwitz
Attorney for Plaintiff Randall Brown
Blake W. Horwitz, Esq.
The Blake Horwitz Law Firm, LTD.
111 W. Washington St., Suite 1611
Chicago, Illinois 60602
Phone: (312) 676-2100
bhorwitz@bhlfattorneys.com

9