**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RANDALL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 4969 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| COOK COUNTY CORRECTIONAL | ) | |
| OFFICER BRANDON NORISE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants Defendants' Federal Rule of Civil Procedure 12(b)(6) motions to dismiss with prejudice.  [41][43].   This case is hereby dismissed with prejudice.  All pending dates and deadlines are stricken.

## STATEMENT

On December 14, 2016, Plaintiff Randall Brown filed the present six-count Second Amended Complaint against Defendant Cook County Correctional Officer Brandon Norise; Defendant Richard Ellitch, an Investigator at the Cook County Sheriff's Office; Defendant Cook County Sheriff Thomas Dart; and Defendant Cook County alleging a Fourth Amendment excessive force claim, a common law battery claim, and a common law fraud claim, as well as the attendant indemnification and respondeat superior claims.  *See* 28 U.S.C. §§ 1331, 1367(a). Before the Court are Defendants' motions to dismiss brought pursuant to Rule 12(b)(6).  For the following reasons, the Court grants Defendants' motions.  Because the Court gave Plaintiff the opportunity to amend his allegations, the Court grants Defendants' motions to dismiss with prejudice.  *See Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana,* 786 F.3d 510, 519 (7th Cir. 2015) ("a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed.").

## LEGAL STANDARDS

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted."  *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014).  Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)

(citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).

In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago,* 817 F.3d 561, 564 (7th Cir. 2016). Also, it is well-settled that "a plaintiff ordinarily need not anticipate and attempt to plead around affirmative defenses." *Hyson USA, Inc. v. Hyson 2U, Ltd.,* 821 F.3d 935, 939 (7th Cir. 2016). Nevertheless, a "statute of limitations defense is properly considered in determining a Rule 12(b)(6) motion when the factual allegations in the complaint establish such a defense." *Bonnstetter v. City of Chicago,* 811 F.3d 969, 974 (7th Cir. 2016).

## BACKGROUND

In his Second Amended Complaint, Plaintiff alleges that on July 4, 2013, he was detained at the Cook County Jail. (R. 37, Second Am. Compl. ¶ 8.) While at the Cook County Jail, Defendant Norise, a Cook County Correctional Officer, attempted to remove Plaintiff from a cell that housed multiple detainees. (*Id.* ¶ 10.) Plaintiff specifically alleges that at that time Defendant Norise took him to the ground, struck him numerous times with his fist, and kicked him. (*Id.* ¶¶ 11, 14, 17.)

Plaintiff further alleges that Defendant Ellitch spoke with him on July 10, 2013. (*Id.* ¶ 23.) Plaintiff specifically contends that while performing an internal investigation into Defendant Norise's use of excessive force against him, Defendant Ellitch told Plaintiff that if he pressed charges against Defendant Norise, Defendant Ellitch would bring additional criminal charges against Plaintiff that would "put him in jail for another seven years." (*Id.* ¶¶ 23, 24.) Plaintiff asserts that during the July 10, 2013 conversation, Defendant Ellitch held himself out as someone who was working on behalf of Plaintiff, that Defendant Ellitch secured the confidences of Plaintiff, and that Defendant Ellitch was in a position of trust in relation to Plaintiff. (*Id.* ¶¶ 27, 28.) In addition, Plaintiff alleges that Defendant Ellitch held himself out as a person who could prosecute Plaintiff or have Plaintiff prosecuted. (*Id.* ¶ 32.) Because of Defendant Ellitch's position of trust and his role as an investigator for the prosecuting arm of the Cook County State's Attorney's Office, Plaintiff feared that he would be criminally prosecuted. (*Id.* ¶ 33.) Plaintiff maintains that this fear induced him not to file this lawsuit earlier. (*Id.* ¶¶ 20, 34.)

Furthermore, Plaintiff alleges that on July 10, 2013, Defendant Ellitch falsified a report stating that: (1) Plaintiff did not want to file a complaint against Defendant Norise; (2) that Plaintiff turned and walked away from Defendant Norise when Defendant Norise walked into the jail cell; and (3) that Defendant Norise ordered Plaintiff to exit the jail cell. (*Id.* ¶ 35.) Also, Plaintiff asserts that Defendants Ellitch and Norise worked jointly and in conspiracy with each other to have Defendant Ellitch induce Plaintiff not to file a lawsuit against Defendant Norise by threatening him with additional criminal charges resulting in seven additional years in jail. (*Id.* ¶¶ 23, 32, 33, 36-38.)

# ANALYSIS

In their motions to dismiss, Defendants argue that Plaintiff has failed to bring his federal and state law claims within the appropriate limitations periods because his claims accrued in July 2013 and Plaintiff did not bring this lawsuit until May 2016. *See Moore v. Burge,* 771 F.3d 444, 446 (7th Cir. 2014) ("the statute of limitations for § 1983 actions in Illinois is only two years."); *Walker v. Sheahan,* 526 F.3d 973, 979 (7th Cir. 2008) (Illinois claims governed by "the one-year statute of limitations in the Illinois Local Governmental and Governmental Employees Tort Immunity Act."). Plaintiff agrees that his claims are untimely, but argues that the limitations periods were tolled based on Defendants Norise's and Ellitch's alleged threats and misconduct under the federal doctrine of equitable estoppel. *See Smith v. City of Chicago Heights*, 951 F.2d 834, 841 (7th Cir. 1992) ("In contrast to equitable tolling, federal courts do not borrow state equitable estoppel doctrine when they borrow a state statute of limitations; federal courts apply the federal doctrine of equitable estoppel."); *see, e.g., Hobbs v. Cappelluti,* 899 F. Supp. 2d 738, 759 (N.D. Ill. 2012).

"Equitable estoppel, which is a doctrine of federal law, 'comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations.'" *Rosado v. Gonzalez,* 832 F.3d 714, 716 (7th Cir. 2016) (citation omitted). Put differently, equitable estoppel "prevents a party from asserting the expiration of the statute of limitations as a defense when that party's improper conduct has induced the other into failing to file within the statutory period." *Ashafa v. City of Chicago,* 146 F.3d 459, 462 (7th Cir. 1999). Further, "[e]quitable estoppel presupposes 'efforts by the defendant, above and beyond the wrongdoing upon which the plaintiff's claim is founded, to prevent, by fraud or deception, the plaintiff from suing in time." *Rosado,* 832 F.3d at 716 (citation omitted). "Equitable estoppel requires misconduct by a defendant and plaintiff's actual and reasonable reliance on that misconduct." *O'Gorman v. City of Chicago,* 848 F. Supp. 2d 853, 859 (N.D. Ill. 2012).

Viewing the allegations and reasonable inferences in Plaintiff's favor, Plaintiff has asserted more than his underlying excessive force claim against Defendant Norise, namely, that Defendant Ellitch threatened to bring criminal charges if Plaintiff pursued an excessive force claim against Defendant Norise. Under Seventh Circuit law, however, Defendant Ellitch's alleged threats to bring additional criminal charges against Plaintiff are insufficient to justify equitable estoppel because "a threat to retaliate is not a basis for equitable estoppel." *Beckel v. Wal-Mart Assocs., Inc.*, 301 F.3d 621, 624 (7th Cir. 2002); *Jordan v. Chicago,* No. 14 C 3074, 2016 WL 5171767, at *5 (N.D. Ill. Sept. 21, 2016); *Castro v. City of Chicago*, No. 07 C 931, 2013 WL 5435275, at *3 (N.D. Ill. Sept. 30, 2013); *Webb v. Gardner, Carton & Douglas LLP Long Term Disability Plan*, 899 F. Supp. 2d 788, 794 (N.D. Ill. 2012); *cf. Ramirez v. City of Chicago*, No. 08 C 5119, 2009 WL 1904416, at *5 (N.D. Ill. July 1, 2009) (fear of police reprisal insufficient to equitably toll claims). As these cases teach, allowing the use of retaliation as a basis of extending the statute of limitations would all but eliminate limitations periods and undermine their purpose. *See Beckel,* 301 F.3d at 624; *Castro*, 2013 WL 5435275, at *3.

Moreover, Plaintiff's allegations that Defendants falsified an investigation report do not save the day because these allegations are premised on Plaintiff's assertion that Defendants

Ellitch and Norise worked together to induce Plaintiff not to file a lawsuit against Defendant Norise by threatening him with retaliation, namely, bringing additional criminal charges against him. Accordingly, Plaintiff's allegations fail to sufficiently allege equitable estoppel.

**Dated:** February 24, 2017

_____
**AMY J. ST. EVE**
**United States District Court Judge**